IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) Bkcy. Case No.  04-31470 JKF |
| SHANNI SNYDER, | ) |
| | ) Adv. No.          05-3254 JKF |
| Debtor-Appellant | ) |
| | ) |
| SHANNI SNYDER, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  06-398 |
| | ) |
| JUSTIN L. MCCALL, et al., | ) |
| | ) |
| Appellee-Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

## OPINION

Appellant Shanni Snyder and various of her siblings owned several motels in Allegheny and Westmoreland Counties.  They defaulted on various Notes which secured those properties.  Thereafter, Edward Quinlan, the Note holder, commenced mortgage foreclosure actions against the Snyder family members as to both the Allegheny and Westmoreland County properties.  During (and after) the pendency of that proceeding, several members of the Snyder family filed Chapter

1

13 bankruptcy petitions.[1] Given the serial bankruptcy filings which the Bankruptcy Court apparently found to be done in bad faith and for the sole purpose of obstructing the Sheriff's Sales of the various properties, the Bankruptcy Court granted relief from the automatic stays imposed under the Bankruptcy Code and permitted the Sheriff's Sales to go forward. Those sales have gone forward. Indeed, the properties have been subsequently sold to third parties.

Essentially seeking to undo these transactions, Shanni Snyder sought to reopen her bankruptcy case for the purpose of pursuing a claim against more than forty (40) Defendants whom she accused of improperly securing default judgments against her in connection with the Allegheny and Westmoreland County foreclosure actions. Briefly, Shanni Snyder contends that the default judgments were improper as they were obtained in violation of the automatic stay imposed by the filing of her bankruptcy petition. The Bankruptcy Court rejected Shanni Snyder's request for

---

[1] More specifically, on September 4, 2003, Mark Snyder filed a Chapter 13 Bankruptcy Petition at case number 03-31013, which was dismissed on September 24, 2003. No appeal of the dismissal order was taken. On November 17, 2003, Shanni Snyder filed a Chapter 13 Bankruptcy Petition at case number 03-34365, which was dismissed with prejudice on July 27, 2004. No appeal was filed from the entry of the dismissal order. On November 17, 2003, Mark Snyder filed a Chapter 13 Bankruptcy Petition at case number 03-34366, which was dismissed on January 2, 2004. No appeal was taken from the order of dismissal. On September 1, 2004, Mark Snyder filed a Chapter 13 Bankruptcy Petition at case number 04-31470. A Relief from the Automatic Stay was granted to Quinlan on November 9, 2004 and on January 21, 2005, the bankruptcy was dismissed. No appeal was filed with respect to either the Order granting relief from the automatic stay or from the Order dismissing the case. On September 1, 2004, Kash Snyder filed a Chapter 13 Bankruptcy Petition at case number 04-31467. On January 11, 2005, the Bankruptcy Court granted in rem relief from the automatic stay authorizing Quinlan to proceed with foreclosure against the property and execution thereon. The Court further held that the foreclosure of the properties would be unaffected by any further bankruptcy filing by Mark Snyder, Shanni Snyder, Kash Snyder or Scott Snyder. No appeal was taken from this Order. On January 11, 2005, Scott Snyder filed a Petition for Relief pursuant to 11 U.S.C. Chapter 13. The bankruptcy was dismissed by Order of April 13, 2005 and no appeal was taken. Finally, on June 2, 2005, Kash Snyder filed a Chapter 13 Bankruptcy Petition at case number 05-27124. The bankruptcy was dismissed on December 8, 2004 and no appeal was taken.

relief and held instead that:

> the automatic stay is annulled retroactively so that the sheriff's sale of the properties at
> 490 Rte. 51, Clairton, Pa
> 1213 Lincoln Hwy, N'Versailles, Pa
> 412 ""
> 1415 Greensburg Pike, "
> 5100 Old Clairton Blvd, Pittsburgh, Pa 15236

is declared to be not in violation of the automatic stay, for the reasons expressed on the record this date.  No adversary is permitted at this time.  Debtor wishes to reopen the bankruptcy as a litigation strategy, which the Third Circuit has held to be an inappropriate use of the bankruptcy process... .

See Docket No. 17-17, p. 1-2.  Shanni Snyder has appealed this Order.

### Standard of Review

Rule 8013 of the Federal Rules of Bankruptcy provides that:

> [o]n appeal, the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.

Fed. R. Bty. Proc. 8013.  Thus, a bankruptcy court's legal determinations are reviewed de novo, its findings for clear error and its exercises of discretion for abuse. See The Official Committee of Unsecured Creditors of New World Pasta Co., 322 B. R. 560, 564-65 (Bankr. M.D. 2005), citing, In re Martin's Aquarium, Inc., 98 Fed. Appx. 911, 913 (3d Cir. 2004) and In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir.

3

1989).

The decision of a bankruptcy court as to whether or not to reopen a previously closed bankruptcy case is reviewed for an abuse of discretion. Donaldson v. Bernstein, 104 F.3d 547 (3d Cir. 1997). A bankruptcy court's decision to grant relief from the automatic stay is similarly reviewed for an abuse of discretion. Myers v. Southern Medical Supply Co., 334 B. R. 136 (E.D. Pa. 2005).

### ANALYSIS

After careful consideration, I affirm the Bankruptcy Court's Order of February 15, 2006. The Bankruptcy Court did not abuse its discretion either in granting retroactive relief from the automatic stay or in refusing to reopen the bankruptcy case so as to permit Shanni Snyder to pursue her claim.

As to the annulment of the stay, there was no evidence that the default judgments were taken in bad faith. Indeed, the defaults were taken shortly after the bankruptcy petition was filed. The Appellees testified that they had no knowledge, at the time the defaults were taken, that Shanni Snyder had filed a bankruptcy petition. Shanni Snyder failed to rebut this evidence. Certainly she did not make the Appellees aware of her bankruptcy filing. Nor did she make the Bankruptcy Court immediately aware of the pending mortgage foreclosure actions. Moreover, once the defaults were secured, Shanni Snyder took absolutely no action to have them lifted. Instead, she waited years from the entry of default, indeed, until 10 months after the properties were sold, to bring this matter to any Court's attention. Further, Shanni Snyder was present, as the Bankruptcy Judge noted, when the

decision was made to grant in rem relief from the automatic stay in the Kash Snyder Chapter 13 Bankruptcy Petition at case number 04-31467. Clearly the effect of lifting the stay would have been to permit the sale of the properties. Despite such knowledge, Shanni Snyder failed to raise the issue of the allegedly improper default judgments. In light of this history, the history of bad faith bankruptcy filings by those who were parties to the original Notes securing the properties, and the fact that the properties have been sold to third parties, the Bankruptcy Court did not abuse its discretion in deciding to retroactively lift the automatic stay. See In re: Siciliano, 13 F.3d 748 (3d Cir. 1994).

Once the stay was lifted, the default judgments were not improperly taken. As such, Shanni Snyder's proposed litigation is meritless. Consequently, the Bankruptcy Court did not abuse its discretion in denying her request to reopen her bankruptcy case. Indeed, as the Bankruptcy Court observed, reopening a bankruptcy case for purposes of a litigation strategy is not appropriate. See NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. 384 F.3d 108 (3d Cir. 2004). As evidenced from the transcript, Shanni Snyder's only purpose in reopening the bankruptcy case was to prosecute her Complaint; she had no intention or ability to reorganize or otherwise fulfill pertinent bankruptcy obligations.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Bkcy. Case No.  04-31470 JKF |
| SHANNI SNYDER, ) | |
| ) | Adv. No.          05-3254 JKF |
| Debtor-Appellant ) | |
| ) | |
| SHANNI SNYDER, ) | |
| ) | |
| Appellant-Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | Civil Action No.  06-398 |
| ) | |
| JUSTIN L. MCCALL, et al., ) | |
| ) | |
| Appellee-Defendants. ) | |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **3rd** day of August, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Bankruptcy Court's Order of February 15, 2006 is AFFIRMED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

6